IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HEALTHSPOT, INC., | ) |
| Plaintiff, | ) CASE NO. 1:14-cv-804 |
| vs. | ) JUDGE |
| COMPUTERIZED SCREENING, INC., | ) |
| Defendant. | ) **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff HealthSpot, Inc. ("HealthSpot"), by and through its counsel, files this Complaint against Defendant Computerized Screening, Inc. ("CSI"), and hereby avers as follows:

1. This is an action for a declaratory judgment that the United States Patent No. 6,692,436 for "HEALTH CARE INFORMATION SYSTEM" ("the '436 Patent") is invalid and/or not infringed by HealthSpot.

## THE PARTIES

2. Plaintiff HealthSpot is a corporation existing under the laws of the State of Delaware, and having a principal place of business at 545 Metro Place South, Suite 430, Dublin, Ohio 43017. HealthSpot is a leading entrepreneur of a medical kiosk that provides real-time medical assistance to a patient by a remotely-located healthcare provider.

3. Defendant CSI is, on information and belief, a corporation existing under the laws of the State of Nevada, and having a principal place of business at 9550 Gateway Drive, Reno, Nevada 89521. On information and belief, CSI is an FDA registered Class II medical

manufacturer of patient interactive kiosks that integrate non-invasive and invasive preventive health screening technology and telemedicine solutions. On information and belief, CSI's kiosks provide blood pressure and heart rate testing, fitness evaluation, drug encyclopedia and compatibility, information on local health care providers, and can create personal health records and electronic medical records, and can track an individual's health status on a daily, weekly, or monthly basis. On information and belief, CSI regularly conducts business in Ohio, including installing its kiosks in grocery and drug stores, as well as corporations, emergency rooms, hospitals, clinics, and physician's offices. On information and belief, CSI has purposefully directed contacts within the State of Ohio by contacting HealthSpot, a Delaware corporation, and accusing HealthSpot of infringing the '436 Patent, and the claims asserted herein arise from CSI's contacts with the State of Ohio.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy concerning a declaratory judgment and HealthSpot's claims that the '436 Patent is invalid and/or not infringed by virtue of Title 28 U.S.C. Sections 1331, 1338(a), 2201 and 2202.

5. This Court has personal jurisdiction over the Defendant CSI pursuant to the provisions of the Ohio Long Arm Statute, O.R.C. § 2307.382, CSI's continuous and systematic contacts with the State of Ohio, and the laws of the United States.

6. Venue is proper in this judicial district pursuant to Title 28 U.S.C. Sections 1391 and 1400.

## ALLEGATIONS COMMON TO ALL COUNTS

7. On its face, the '436 Patent appears to have issued on February 17, 2004 and is assigned to CSI. A reexamination of the '436 Patent was filed on December 17, 2009, and a

reexamination certificate confirming the patentability of original claims 1-57 and new claims 58-65 was issued on September 20, 2011. The 65 claims relate to a kiosk-based system and method for accessing health-related services and information. All of the maintenance fees for the '436 Patent appear to have been timely paid to date. A true and correct copy of the '436 Patent is attached hereto as Exhibit A.

8. On or before April 4, 2013, representatives of HealthSpot and CSI met to discuss an impact of HealthSpot's medical kiosk on CSI's '436 Patent. On or about April 4, 2013, CSI mentioned in a correspondence ("the 04Apr2013Email") to HealthSpot that it did not believe that HealthSpot is impacting the '436 Patent, but HealthSpot will need a license if it is using the Internet to transmit health data to a Cloud. A true and correct copy of the 04Apr2013Email is attached hereto as Exhibit B.

9. On or about September 18, 2013, CSI mentioned in a correspondence ("the 18Sep2013Email") to HealthSpot that it is not certain what HealthSpot is doing on its kiosks, but is basing its allegations upon information shown on HealthSpot's website. A true and correct copy of the 18Sep2013Email is attached hereto as Exhibit C.

10. On or about October 4, 2013, an article published in Behavioral Healthcare Magazine stated that HealthSpot "is exploring the potential" of embedding HealthSpot's kiosk-based technology into an existing electronic health record (EHR) system. A true and correct copy of the publication is attached hereto as Exhibit D.

11. On or about December 10, 2013, CSI alleged in a correspondence ("the 10Dec2013Email") to HealthSpot that HealthSpot is infringing CSI's Patents based on the article in Behavioral Healthcare Magazine. A true and correct copy of the 10Dec2013Email is attached hereto as Exhibit E.

12. On or about February 27, 2014, counsel for CSI sent HealthSpot a correspondence ("the 27Feb2014Email") informing HealthSpot that CSI will take legal action against HealthSpot if HealthSpot does not enter a license agreement with CSI. In addition, in the 27Feb2014Email CSI declined an offered demonstration of HealthSpot's medical kiosk. A true and correct copy of the 27Feb2014Email is attached hereto as Exhibit F.

13. On or about March 28, 2014, counsel for HealthSpot sent CSI a correspondence ("the 28Mar2014Email") indicating that CSI cannot establish that HealthSpot's medical kiosk embodies the invention defined in the '436 Patent and requested that CSI agree to learn how HealthSpot's medical kiosk operates through a demonstration of the HealthSpot medical kiosk in its commercial form. A true and correct copy of the 28Mar2014Email is attached hereto as Exhibit G.

14. On or about March 31, 2014, counsel for CSI sent HealthSpot a correspondence ("the 31Mar2014Email") informing HealthSpot that CSI will file an infringement suit against HealthSpot if the matter is not settled prior to April 11, 2014. The 31Mar2014Email makes specific reference to the '436 Patent. In addition, the 31Mar2014Email charges that CSI is satisfied that HealthSpot is infringing the claims of the '436 Patent without attending a demonstration. A true and correct copy of the 31Mar2014Email is attached hereto as Exhibit H.

15. On or about April 3, 2014, counsel for HealthSpot sent CSI a correspondence ("the 04Apr2014Email") which again denied that HealthSpot's medical kiosk infringed the claims of the '436 patent and which also informed CSI that only by a demonstration of HealthSpot's medical kiosk could CSI make a proper determination of whether HealthSpot's medical kiosk falls within the scope of any of the '436 patent claims. A true and correct copy of the 04Apr2014Email is attached hereto as Exhibit I.

16. On or about April 9, 2014, counsel for CSI sent HealthSpot a correspondence ("the 09Apr2014Email") informing HealthSpot that CSI had reviewed the publically available information about the HealthSpot kiosk and was satisfied regarding the basis for accusing HealthSpot of infringement of at least claim 1 of the '436 patent. A true and correct copy of the 09Apr2014Email is attached hereto as Exhibit J.

17. On or about April 11, 2014, counsel for HealthSpot sent CSI a correspondence ("the 11Apr2014Email") informing CSI that the publically available information about HealthSpot's medical kiosk did not provide information about whether the commercial version of HealthSpot's medical kiosk included all of the limitations of claim 1 of the '436 patent and only by a determination of HealthSpot's medical kiosk could CSI make a proper determination of whether HealthSpot's medical kiosk fell within the scope of any of the '436 patent claims. A true and correct copy of the 11Apr2014Email is attached hereto as Exhibit K.

18. Upon information and belief, CSI has no reasonable basis for accusing HealthSpot of infringing the '436 Patent. CSI's counsel has indicated CSI's intention to file an infringement suit against HealthSpot without conducting a reasonable inquiry into the legal and factual bases of a claim. CSI refuses to perform a pre-filing investigation imposed by Rule 11 of the Federal Rules of Civil Procedure.

## COUNT I

### Declaratory Judgment of Non-Infringement and/or Invalidity of United States Patent No. 6,692,436

19. The foregoing allegations are reasserted in this Count as if fully rewritten herein.

20. The '436 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*

21. HealthSpot has not infringed, contributed to infringement, and/or actively induced infringement of any valid claim of the '436 Patent.

22. By reason of CSI's allegations to HealthSpot that HealthSpot's medical kiosk purportedly infringes the '436 Patent, there is a substantial and continuing justiciable controversy between HealthSpot and CSI as to CSI's right to threaten or maintain suit for infringement of the '436 Patent, as to the validity of the '436 Patent, and as to whether HealthSpot's medical kiosk infringes the claims of the '436 Patent.

23. HealthSpot has been and is being irreparably injured and damaged by CSI improperly claiming that HealthSpot's medical kiosk infringes the '436 Patent, and threatening litigation with respect thereto, when the claims of the '436 Patent are not infringed and/or are invalid.

24. CSI's unfounded and improper accusations of patent infringement have damaged HealthSpot and, unless they are stopped, will continue to damage HealthSpot. CSI's unfounded and improper accusations of infringement have caused monetary damages to HealthSpot and will continue to do so.

25. If CSI is permitted to continue its incorrect assertions that HealthSpot's accused medical kiosk infringes the '436 Patent, the manner and amount of damage to HealthSpot caused thereby cannot be fully measured or compensated in economic terms, and so cannot be fully or adequately remedied at law.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HealthSpot prays:

    (a) for a judgment that the claims of the '436 Patent are not infringed by HealthSpot's medical kiosk;

(b) for a judgment that the '436 Patent is invalid;

(c) for a permanent injunction against Defendant CSI, its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting in privity with them, from stating, implying or otherwise communicating to others that HealthSpot's medical kiosks infringe CSI Patents;

(d) for a permanent injunction against Defendant CSI, its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting in privity with them, from filing a lawsuit to assert the claims of the '436 Patent against HealthSpot and any of HealthSpot's distributors, representatives, agents, customers and contractors, present and future, alleging that the HealthSpot's medical kiosk infringes the '436 Patent;

(e) for a judgment and accounting against Defendant CSI awarding HealthSpot its damages caused by CSI;

(f) for an assessment of costs against Defendant CSI;

(g) for a finding that this action is exceptional and for an award to HealthSpot of its reasonable attorney fees incurred in this action under 35 U.S.C. § 285; and

(h) for such other and further relief as may be just and appropriate.

                                            Respectfully submitted,

Date: <u>April 14, 2014</u>              <u>s/Brian E. Turung</u>
                                            Brian E. Turung (0052034)
                                            bturung@faysharpe.com
                                            FAY SHARPE LLP
                                            The Halle Building, 5th Floor
                                            1228 Euclid Avenue
                                            Cleveland, Ohio 44115
                                            Phone: (216) 363-9000
                                            Fax: (216) 363-9001

                                            Attorney for Plaintiff
                                            HealthSpot, Inc.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff HealthSpot, Inc. hereby demands a jury trial on all triable issues.

Respectfully submitted,

Date:  April 14, 2014

s/Brian E. Turung
Brian E. Turung (0052034)
bturung@faysharpe.com
FAY SHARPE LLP
The Halle Building, 5th Floor
1228 Euclid Avenue
Cleveland, Ohio  44115
Phone:  (216) 363-9000
Fax:  (216) 363-9001

Attorney for Plaintiff
HealthSpot, Inc.