**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| **HEALTHSPOT, INC.,** | ) | **CASE NO.     1:14 CV 804** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **COMPUTERIZED SCREENING, INC.,** | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendant.** | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff,

HealthSpot, Inc., on June 16, 2015.  (Docket #62.)  HealthSpot seeks declaratory judgment that

claims 1, 2, 4, 18, 37 and 58 ("the Asserted Claims") of Defendant, Computerized Screening,

Inc.'s, U.S. Patent No. 6,692,436 ("the '436 Patent") are (1) not infringed, either literally or

under the doctrine of equivalents; (2) are invalid under 35 U.S.C. § 112, ¶ 2, because the '436

Patent provides no specific algorithms or otherwise describes how the logic functions are

performed; and, (3) are invalid under 35 U.S.C. § 102 as being anticipated by United States

Patent No. 5,960,403 to Brown.

The devices at issue are medical "kiosks" developed by HealthSpot and Computerized

Screening.  HealthSpot describes its device as a "private, walk-in medical kiosk that enables a

patient to have a near real-time telemedicine session with a remotely located medical

professional" that "has three computers that are used for various operations of the HealthSpot Station."  (Docket 62-1 at p. 5.)

The '436 Patent requires a "controller," which was defined by Judge Gwin[1] in the Markman Order issued on April 2, 2015, as:

> a single processor such as a CPU, microcontroller, or microprocessor that includes logic for controlling the health test interface; for processing the user health test measurement data to generate a user health test result; for controlling storage of the user health test result in local storage; and for controlling storage of the health test result in remote storage.

HealthSpot argues that Computerized Screening has never identified where the "controller" is found in the HealthSpot Station and, therefore, has waived its infringement claim and that none of the three HelathSpot computers have a "controller" or "processor" that meets all of the limitations of the "controller" as defined in the Asserted Claims.  HealthSpot argues that Computerized Screening is precluded from invoking the Doctrine of Equivalents regarding various limitations of the Asserted Claims because it did not specify in its pleadings whether each limitation of each asserted claim is alleged to be literally present or under the doctrine of equivalents.  Local Patent Rule 3.1.  Finally, HealthSpot argues that the Asserted Claims are invalid for indefiniteness under 35 U.S.C. § 112, ¶ 2, because no structure is disclosed in the specification for performing each claimed logic function, and the Asserted Claims are invalid as anticipated.

Computerized Screening filed its Brief in Opposition on July 14, 2015.  (Docket #83.) Computerized Screening concedes that the HealthSpot device does not include a "controller," as defined by Judge Gwin's Markman Order.  However, Computerized Screening explains that it

---

[1]

Judge Gwin recused himself on July 1, 2015 and the case was assigned to Judge Nugent on July 1, 2015.

believes the construction of the term "controller" to be incorrect to the extent that the construction limited "controller" to a "single" processor.  Accordingly, Computerized Screening indicates that it concedes summary judgment of noninfringement on the basis of the absence of the limitation "controller" as currently construed by the Court, noting that it reserves its right to appeal both the claim construction ruling and any ruling on HealthSpot's Motion for Summary Judgment.  Further, Computerized Screening asserts that even under the Court's claim construction ruling as to the term "controller," there is a disputed issue of material fact as to whether any of the three computers in the HealthSpot device includes a "controller" including "logic" as specified.  Finally, Computerized Screening asserts that HealthSpot's arguments regarding the doctrine of equivalents and invalidity are rendered moot by its consent to entry of judgment of noninfringement and are otherwise meritless.

HealthSpot filed its Reply Brief on July 23, 2015.  (Docket #85.)  On August 5, 2015, Computerized Screening filed a Motion for Leave to File Sur-Reply.  (Docket #92.) Computerized Screening argues that its Sur-Reply is necessary to address "several new arguments relating to infringement, the doctrine of equivalents, and invalidity" that were not raised in HealthSpot's initial Motion for Summary Judgment.

**Computerized Screening's Nevada Infringement Case**

On April 15, 2014, one day after HealthSpot's case was filed in this Court, Computerized Screening filed its infringement action in the District of Nevada, *Computerized Screening, Inc. v. HealthSpot, Inc.*, Case No. 2:14 CV 573.  On June 30, 2014, HealthSpot filed a Motion to Dismiss or Transfer in Nevada, asserting that the Nevada Court lacks jurisdiction over HealthSpot and urging the Nevada Court to transfer this case to the Northern District of Ohio,

-3-

arguing that the Northern District of Ohio is a proper venue; that convenience factors support transfer; and, that HealthSpot's first-filed action in Ohio (filed one day earlier than Computerized Screening's Nevada infringement case) takes precedence.  (Docket #11 in District of Nevada Case No. 2:14 CV 573.)

On July 7, 2014, Computerized Screening filed a Motion to Dismiss HealthSpot's noninfringement suit in this Court.  (Docket #14.)  Computerized Screening argued that this case should be dismissed or transferred to the District of Nevada because HealthSpot acted in bad faith and impermissibly filed its declaratory judgment suit in anticipation of Computerized Screening's infringement suit.  Computerized Screening argued this amounted to "procedural fencing" and, therefore, that the Court should find an exception to the first-to-file rule and decline to hear this declaratory judgment action.

On December 8, 2014, citing Federal Circuit decisions in *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003) and *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897 (Fed. Cir. 2008), Judge Gwin denied Computerized Screening's Motion to Dismiss, finding no issues of convenience which favor transfer to the District of Nevada and finding none of HealthSpot's actions leading up to the filing of this declaratory judgment action to be in bad faith.  (Docket #30)  On July 31, 2015, Computerized Screening filed a Notice of Supplemental Authority (Docket #90), attaching the Nevada District Court's Order, dated July 28, 2015, denying HealthSpot's Motion to Dismiss or Transfer.  The Nevada Court found Nevada to have a "substantial interest" in the claims at issue and stated that the cases could be consolidated in Computerized Screening's infringement action in Nevada, which was filed one day after HealthSpot's declaratory judgment action in this Court.  The Nevada Court found no

-4-

conflict of laws since the Federal Circuit controls patent issues and, contrary to Judge Gwin's

ruling in December 2014, deemed HealthSpot's "tactics" in filing its noninfringement action in

this Court, one day prior to Computerized Screening's filing in Nevada, were "gamesmanship"

and "deceptive" and stated in would not "reward such behavior with choice in forum."  The

Nevada Court denied transfer of the case to the Northern District of Ohio.  Thus, both Courts

have denied transfer to the other and there is no indication that the Parties will ever agree to

transfer this case to either jurisdiction.

On August 11, 2015, HealthSpot filed a Motion to Stay in the Nevada Court.  (Docket

#27 in District of Nevada, Case No. 2:14 CV 573.  Computerized Screening has not yet

responded and, thus, no ruling has been issued.

### Standard of Review

Summary judgment is appropriate when the court is satisfied "that there is no genuine

dispute as to any material fact and that the moving party is entitled to a judgment as a matter of

law."  FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine dispute"

rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of
> informing the district court of the basis for its motion, and identifying those portions
> of 'the pleadings, depositions, answers to interrogatories, and admissions on file,
> together with affidavits, if any,' which it believes demonstrates the absence of a
> genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  As a general matter,

the district judge considering a motion for summary judgment is to examine "[o]nly disputes

over facts that might affect the outcome of the suit under governing law." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" only if its resolution will affect the

outcome of the lawsuit.  *Id.*  The court will not consider non-material facts, nor will it weigh

material evidence to determine the truth of the matter. *Id.* at 249.  Determination of whether a

dispute is "genuine" requires consideration of the applicable evidentiary standards.  The court

will view the summary judgment motion in the light most favorable to the party opposing the

motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In sum,

proper summary judgment analysis entails "the threshold inquiry of determining whether there is

the need for a trial--whether, in other words, there are any genuine factual [disputes] that

properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party."  *Anderson*, 477 U.S. at 250.

The nonmoving party may not simply rely on its pleadings, but must "produce evidence

motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In sum,

proper summary judgment analysis entails "the threshold inquiry of determining whether there is

the need for a trial--whether, in other words, there are any genuine factual [disputes] that

properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party."  *Anderson*, 477 U.S. at 250.

The nonmoving party may not simply rely on its pleadings, but must "produce evidence

that results in a conflict of material fact to be resolved by a jury."  *Cox v. Kentucky Dep't of

Transp.*, 53 F.3d 146, 149 (6th Cir. Ky. 1995).  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the
> adverse party's pleading, but the adverse party's response, by affidavits or as
> otherwise provided in this rule, must set forth specific facts showing that there is
> a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as

-6-

an automatic grant of summary judgment, where otherwise appropriate. *Id.*

## Discussion

The Court has thoroughly and exhaustively reviewed all documents of record.  Genuine issues of material fact persist in this case with regard to the "logic" involved in the devices at issue, which would ordinarily preclude summary judgment and necessitate trial.  However, disposition of this case is dependent on Judge Gwin's earlier construction of the term "controller." Computerized Screening concedes non-infringement in this case on the basis of that construction, thereby facilitating an appeal of the claim construction process and avoiding the needless expenditure of resources by the Court and Parties.  *See Starhome GmbH v. AT&T Mobility LLC,* 743 F.3d 849, 851-54 (Fed. Cir. 2014); *Schering Corp. v. Amgen, Inc.*, 35 F. Supp. 2d 375. 377-78 (Dist. Del. 1999) (citing *York Products, Inc. v. Central Tractor Farm & Family Center*, 99 F.3d 1568, 1571 (Fed. Cir. 1996)).

This case has been pending since April 2014.   Interpretation of the term "controller" is central to this case and will remain an issue whether the case proceeds in Ohio or Nevada, or in the event of inconsistent claim construction between the cases should they proceed as parallel actions.  Appeal to the Federal Circuit at this juncture, on the basis of Computerized Screening's concession, will conserve the resources of the Parties and all Courts involved.

Accordingly, the Court finds no basis upon which to delay ruling on HealthSpot's Motion for Summary Judgment.  HealthSpot is entitled to summary judgment as to non-infringement on the basis of the absence of the limitation of "controller," as currently construed by the Court. Finding no infringement, HealthSpot's claim for declaratory judgment of invalidity of the '436 Patent is dismissed without prejudice.  *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004).

This case and all pending motions are hereby TERMINATED.

IT IS SO ORDERED.

                                s/Donald C. Nugent            
                              DONALD C. NUGENT
                              United States District Judge

DATED: September 3, 2015