IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HEALTHSPOT, INC.,** | ) | **CASE NO.   1:14 CV 804** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **COMPUTERIZED SCREENING, INC.,** | ) | |
| | ) | |
| | ) | **ORDER** |
| **Defendant.** | ) | |

This matter is before the Court on the Motion to Amend Judgment Pursuant to Rule 59 filed by Defendant, Computerized Screening, Inc., on October 1, 2015.  (Docket #108.) Computerized Screening moves the Court to amend the Judgment entered on September 3, 2015, allowing Computerized Screening to amend its Answer in this case to include a counterclaim of infringement, arguing that its affirmative infringement counterclaim in this case has been tried by the Parties and, thus, that amendment is required under Fed. R. Civ. P. 15(b)(2).

Federal Rule of Civil Procedure 59(e) allows district courts to alter, amend, or vacate a prior judgment. See Fed. R. Civ. Proc. 59(e); *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322,

326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810-1, at 124 (2d ed. 1995).

Computerized Screening filed its Motion to Amend its Answer to include an affirmative infringement counterclaim six months after the December 22, 2014 deadline set by Judge Gwin. On July 14, 2015, at the same time it filed its Motion to Amend, Computerized Screening conceded summary judgment of non-infringement on the basis of the absence of the limitation "controller," as construed in Judge Gwin's Markman Order.  In conceding summary judgment of non-infringement, Computerized Screening rendered its proposed affirmative infringement claim moot.  Computerized Screening has failed to demonstrate that denying the proposed amendment will result in manifest injustice, as in the event the Federal Circuit finds the current claim construction to be incorrect, this issue may be revisited.  Accordingly, Computerized Screening's Motion to Amend (Docket #108) is DENIED.

IT IS SO ORDERED.

                                              s/Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: December 4, 2015